UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMARCUS THOMAS,<br><br>        Plaintiff,<br><br>   -against-<br><br>MARYANN CARTER,<br><br>        Defendant. | 18-CV-6672 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

  Plaintiff filed this complaint *pro se* and *in forma pauperis* (IFP). By order dated October 17, 2018, the Court dismissed the action, with 30 days' leave to replead. (ECF 12.) On November 19, 2018, Plaintiff requested leave to file an amended complaint; the following day, he filed a notice of appeal. (ECF 15-16.) The Court granted Plaintiff leave to file an amended complaint, noting that if Plaintiff did not file one, the Court would dismiss the action. (ECF 17.) On January 23, 2019, after Plaintiff did not file an amended pleading, a civil judgment was entered, closing the case. (ECF 18.) On March 27, 2019, the United States Court of Appeals for the Second Circuit dismissed the appeal because it lacked a basis in law or in fact. (ECF 21) (mandate issued Apr. 18, 2019).

  On March 4, 2019, before the Court of Appeals dismissed the first appeal, Plaintiff filed a second notice of appeal, and this court transferred the action to the Court of Appeals. (ECF 19.) On August 1, 2019, the Court of Appeals dismissed Plaintiff's second appeal because he did not pay the filing fee. (ECF 24) (mandate issued Apr. 16, 2019).

  The Court is now in receipt of two letters from Plaintiff. In the first letter, dated April 17, 2020, he requests information regarding the deadline for filing a notice of appeal. (ECF 25.) Generally, a party has 30 days from the date of the order or judgment being appealed to file a notice of appeal. Fed. R. App. Proc. 4(a)(1).

In the second letter, dated January 18, 2022, Plaintiff attaches a notice of appeal form, seeking to challenge the Court of Appeals' August 1, 2019 dismissal. Such a challenge, however, must be raised in in the United States Supreme Court, by filing a petition for a writ of certiorari, 90 days of after entry of judgment. *See* S. Ct. R. 13.1. Under Supreme Court Rule 13.2, "[t]he Clerk [of the Supreme Court] will not file any petition for a writ of certiorari that is jurisdictionally out of time. See, *e.g.*, 28 U.S.C. § 2101(c)." S. Ct. R. 13.2.

Because Plaintiff cannot move in this court to challenge the Court of Appeals' August 1, 2019 dismissal, the Court directs the Clerk of Court not to process Plaintiff's recently submitted notice of appeal form.

## CONCLUSION

The Court directs the Clerk of Court not to process Plaintiff's appeal because he seeks to appeal a Court of Appeals' decision.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 2, 2022
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.